### BLISS N. DAVIS *v.* DOWNER & SANBORN.

Where an attorney agreed not to charge his employers for any costs, except officers' fees, on demands *uncollected*, he has the right to charge the whole costs on an execution *collected* by a levy on land.

The costs and disbursements of an attorney, in relation to the demands and actions belonging to two, jointly, may be collected of the *two;* though his employment or the request to make such disbursements, was but by *one.*

THIS was an action of assumpsit, for labor done and performed, and for money paid, laid out and expended. The defendants pleaded the general issue, which was joined to the court by agreement of the parties.

It appeared that while the defendants were co-partners in trade at Hardwick, Sanborn, one of the defendants, directed certain hay to be attached on debts belonging to the firm, as the property of one Curtis, who had absconded. In the month of December, 1834, the partnership was dissolved, the hay having, before that time been attached, as above stated, and sold and applied on said partnership demands by direction of said Sanborn, who had the principal control of said partnership business, up to the time of the dissolution, when the demands were put into the hands of Downer, and, by Downer, into the hands of the plaintiff, who gave the following receipt, to wit:—

CALEDONIA,
March,
1838.

Davis
v.
Downer &
Sanborn.

" This agreement witnesseth, that I have received of Solo-
" mon Downer, to collect and account for, on demand at my
" office, in Hardwick, all the demands due the late firm of
" Levi Sanborn & Co., and Downer & Sanborn, and I am
"to charge said Downer, no cost for collecting, excepting of-
" ficers' fees,—and all the costs, accruing on the demands, to
" be mine, except officers' fees, which said Downer may pay
" me on uncollected demands, and said Downer is not to be
" holden for any other costs.   And any settlement Levi
" Sanborn, said Downer's late partner, may make of the de-
" mands, to be binding on said Downer.

" Hardwick, Dec. 22, 1834.

" B. N. Davis."

Subsequently to this time, one Spaulding brought a suit
for the hay, against Sanborn alone, and recovered the value
of it.   Sanborn employed the plaintiff, as an attorney, to de-
fend the suit of Spaulding, in which defence the services
charged in the plaintiff's specification were rendered, and
were reasonable and necessary, in such defence.   After
Spaulding's recovery, the plaintiff, by direction of Sanborn,
paid a portion of the amount recovered, and the balance by
direction of Downer,—the latter, at the time, supposing the
suit of Spaulding had been brought against himself and
Sanborn jointly.   The plaintiff claimed to recover this mon-
ey as paid by him for the benefit of defendants.   The plaintiff
also claimed the amount of a bill of cost, as the fees of the
sheriff on an execution levied upon land, which defendants
insisted they were not bound, by the terms of the plaintiff's
receipt, before mentioned, to pay.

The court rendered judgment for the plaintiff, to recover
the whole amount of his claims, to which decision the defen-
dants excepted,

The opinion of the Court was delivered by

COLLAMER, J.—Services rendered, or money paid for the
joint benefit of two or more, at the request of either of them,
may be recovered of them jointly.   Downer and Sanborn had
been co-partners and had dissolved, but, of course, they re-
mained the joint owners of the co-partnership demands, and
jointly liable for the demands against it.   The case states
that Sanborn had been the active partner, but that on the

CALEDONIA,
March,
1838.

Davis
v.
Downer &
Sanborn.

dissolution " the demands were put into the hands of Downer." But there is no intimation that they were *sold* or *assigned* to Downer; or that Sanborn had parted with any interest therein. Downer employed the plaintiff to collect the demands; and, undoubtedly, the plaintiff should make his charges against, and collect his charges and disbursements of the two joint owners of the demands. He charged the costs of the levy of an execution on land. Was this different from his agreement with Downer? That agreement deprived him of the right to charge costs, except officers' fees, on *uncollected* demands. This execution was *collected* by a levy on land, and thereby the whole pay, including this cost, went to the defendants, and they must pay the plaintiff.

The claim for the hay, which was sued against Sanborn alone, was clearly the joint debt of the defendants; and the plaintiff, who attended to it as attorney for them, is entitled to his pay of them jointly, therefor; and for the money by him paid on the judgment, which was recovered in that action. As between these defendants, it is of no consequence that the action was, *in form*, against Sanborn only. It is of no consequence to the defendants, which of them paid it, as it would go into the final settlement between them, and have the same ultimate effect; for this case contains no suggestion but that both the defendants, and their co-partnership, are all perfectly solvent.

The whole argument for the defendants seems to have gone on grounds that do not appear in the case, that is, that the demands were *sold* to Downer, and that Sanborn was insolvent.

Judgment affirmed.

*B. N. Davis* and *J. Bell*, for plaintiff.

*J. R. Skinner*, *L. B. Peck* and *W. Upham*, for defendants.